293 F.3d 559
 Abdul-Jabbor MALIK, Plaintiff-Appellant,
v.
Michael McGINNIS, Superintendent, Glenn Goord, Commissioner Corr., Stewart Loftus, Mr. Ames, Correction Officer and Zywick, Correction Officer, Defendants-Appellees.
 Docket No. 00-0304.
 United States Court of Appeals, Second Circuit.
 Argued: April 8, 2002.
 Decided: June 6, 2002.
 
 Brian C. Kerr, Milberg Weiss Bershad Hynes & Lerach LLP, New York, NY (Sanford P. Dumain, on the brief), for Plaintiff-Appellant.
 Before WINTER, POOLER, and PARKER, Circuit Judges.
 B.D. PARKER, JR., Circuit Judge.
 
 
 1
 Plaintiff Abdul-Jabbor Malik appeals from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, Judge) denying his motion for reconsideration. The underlying order denied Malikin forma pauperis status pursuant to 42 U.S.C. § 1915(g)'s "three strikes rule" because Malik had previously filed three frivolous lawsuits while incarcerated. Malik argues that the District Court erred in finding that the "imminent danger" exception to the three strikes rule requires danger at the time the complaint is filed, rather than when the underlying events occurred. He also argues that, pursuant to our decision in Liner v. Goord, 196 F.3d 132 (2d Cir. 1999), the District Court erred in denying his motion to proceed in forma pauperis and in dismissing his complaint sua sponte because, at the time of its decision, the relevant law was not well-settled. Because of these alleged errors, Malik contends that the District Court's denial of his motion for reconsideration constituted an abuse of discretion. We disagree and affirm.
 
 BACKGROUND
 
 2
 On August 7, 2000, while incarcerated at the Attica Correctional Facility, Malik, acting pro se, filed a complaint pursuant to 42 U.S.C. § 1983 against various corrections officers at the Southport Correctional Facility ("SCF") in Pine City, New York, where he had been incarcerated at the time of the alleged violations. The complaint alleges that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they disciplined him by severely restricting his diet for thirty-five days. Along with his complaint, Malik filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Section 1915 allows eligible prisoners to file in forma pauperis, but provides:
 
 
 3
 In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
 
 
 4
 28 U.S.C. § 1915(g). This provision is known as the "three strikes rule."
 
 
 5
 Nine days after Malik filed the complaint and before the defendants answered, the District Court denied Malik in forma pauperis status because he "has had at least four cases dismissed by this Court for [three] strike reasons...." (Decision and Order, Aug. 16, 2000, at 2.) The District Court also found that Malik did not fall within the exception to the three strikes rule for prisoners in "imminent danger of serious physical injury," 42 U.S.C. § 1915(g), because "his allegations concern events that occurred at Southport Correctional Facility" and, by the time the complaint was filed, he was "incarcerated at Attica Correctional Facility." (Decision and Order, Aug. 16, 2000, at 2-3.) Based on this conclusion, the District Court held that "the complaint must be dismissed unless [Malik] pays the full filing fee of $150.00 by September 13, 2000." (Id. at 3.) The court denied Malik leave to appeal its decision in forma pauperis because "any appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)." (Id.)
 
 
 6
 Malik did not pay the $150.00 filing fee. Instead, he filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b), claiming that the imminent danger exception required him to show that he was in danger of serious physical injury when the incident occurred, not when the complaint was filed. (Motion for Reconsideration, Sept. 6, 2000, at 1-3.) To support this argument, Malik relied upon Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997), where the court held that "the proper focus when examining an inmate's complaint filed pursuant to § 1915(g) must be the imminent danger faced by the inmate at the time of the alleged incident, and not at the time the complaint was filed." (Motion for Reconsideration, Sept. 6, 2000, at 3.)
 
 
 7
 On September 29, 2000, the District Court denied the motion for reconsideration, rejecting Gibbs and, instead, following the Fifth, Eighth, and Eleventh Circuits, all of which held that § 1915(g)'s use of the present tense means that the danger must exist when the action is filed, rather than when the underlying events occurred. (Decision and Order Denying Motion for Reconsideration, Sept. 29, 2000, at 1-2) (citing Medberry v. Butler, 185 F.3d 1189, 1192 (11th Cir.1999); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir.1998); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998)). The court gave Malik until October 13, 2000 to pay the filing fee. (Id. at 3.) Malik did not pay the fee and, instead, filed a timely notice of appeal.
 
 DISCUSSION
 
 8
 Malik appeals the District Court's denial of his motion for reconsideration, not the initial denial of the motion to proceed in forma pauperis. "An appeal from an order denying a Rule 60(b) motion brings up for review only the denial of the motion and not the merits of the underlying judgment...." Branum v. Clark, 927 F.2d 698, 704 (2d Cir.1991). We review the denial of a Rule 60(b) motion for reconsideration for an abuse of discretion. Cody, Inc. v. Town of Woodbury, 179 F.3d 52, 56 (2d Cir.1999) (citing Branum, 927 F.2d at 704).
 
 
 9
 Malik contends that the District Court abused its discretion because the proper application of the exception to the three strikes rule was not well-settled at the time of the District Court's decision.[1] He cites Liner v. Goord, 196 F.3d 132 (2d Cir.1999), for the proposition that, where there is a split among the circuits, claims may not be dismissed sua sponte before the defendant has been served and has responded to the complaint. Liner filed a claim under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), ("PLRA") alleging that prison officials unlawfully assaulted him and denied him access to meals and showers. Liner, 196 F.3d at 134. Before the defendants answered, the district court dismissed the claim sua sponte because Liner failed to exhaust available administrative remedies, as required by 42 U.S.C. § 1997e(a). Id. We noted in Liner that "[t]he law concerning the PLRA's exhaustion requirement is in great flux," and that both our sister circuits and the district courts within our own circuit were divided over two specific issues pertaining to the requirement, both of which were implicated by Liner's claim. Id. at 135. Accordingly, we held that:
 
 
 10
 Considering the split in authority and the fact that the district court sua sponte dismissed these claims before the defendants were served or had answered, we reverse the district court's dismissal of these claims and remand for service. We decline to resolve the complex legal issues presented here without the benefit of a more complete record, including an answer from the defendants.
 
 
 11
 Id. Thus, Liner did not establish a hard and fast rule addressing when a district court must wait for defendants to respond before dismissing a claim sua sponte; it simply declined to review the complex legal issues presented in that case without the benefit of an answer.
 
 
 12
 As in Liner, the District Court in this case did not wait for an answer before denying in forma pauperis status. However, unlike the dismissal in Liner for failure to exhaust administrative remedies, the denial of the motion to proceed in forma pauperis was not a sua sponte decision — it was a response to a motion Malik himself had filed.
 
 
 13
 Further, unlike Liner, this case presents no complex legal issues. Although we have not yet addressed whether the imminent danger exception requires the danger to exist when the complaint is filed or when the underlying events take place, all the circuits to have addressed this issue currently interpret the statute consistently. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir.2001) (en banc) (finding that the use of the present tense in § 1915(g)'s imminent danger exception indicates that "[t]he statute contemplates that the `imminent danger' will exist contemporaneously with the bringing of the action"); Medberry, 185 F.3d at 1193 ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute."); Banos, 144 F.3d at 884 ("The plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed [in forma pauperis] only if he is in imminent danger at the time that he seeks to file his suit in district court...."); Ashley, 147 F.3d at 717 ("As the statute's use of the present tense ... demonstrates, an otherwise ineligible prisoner is only eligible to proceed [in forma pauperis] if he is in imminent danger at the time of filing.") (emphasis in original). Malik relies upon the fact that, at the time of the District Court's decision, the Third Circuit had applied the imminent danger exception where the danger "existed at the time of the alleged incident, and not at the time the complaint was filed," Gibbs, 116 F.3d at 86. However, in Abdul-Akbar, 239 F.3d at 313, the Third Circuit, sitting en banc, expressly overruled Gibbs, finding that § 1915(g) "plainly means that a prisoner is not permitted to file his complaint unless he is, at that time, under imminent danger." 239 F.3d at 314.
 
 
 14
 We agree with our sister circuits that § 1915(g) allows prisoners to escape the three strikes rule only if "the prisoner is under imminent danger of serious physical injury." (emphasis added). Because § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed. Further, "[b]y using the term `imminent,' Congress indicated that it wanted to include a safety valve for the `three strikes' rule to prevent impending harms, not those harms that had already occurred." Abdul-Akbar, 239 F.3d at 315. Accordingly, the language of § 1915(g) makes clear that the "imminent danger" exception only applies to danger existing at the time the complaint is filed.
 
 CONCLUSION
 
 15
 The District Court properly denied Malik in forma pauperis status. Accordingly, it did not abuse its discretion in denying his motion for reconsideration, and the judgment is affirmed.
 
 
 
 Notes:
 
 
 [1]
 Neither the Motion for Reconsideration nor the Memorandum of Law in support of that motion raises this argument. (Motion for Reconsideration, Sept. 6, 2000, at 1-3); (Memorandum of Law in Support of Motion for Reconsideration, Sept. 14, 2000, at 1-3). If Malik had been represented by counsel before the District Court, we would find that the argument had been waived, and we would decline to address it on appeal. However, we have discretion to hear claims that were not raised below, and we have chosen to exercise this discretion where a litigant appeared before the District Court pro seWalker v. Jastremski, 159 F.3d 117, 118 n. 1 (2d Cir.1998). Because Malik was not represented by counsel when he appeared before the District Court, we will consider this argument for the first time on appeal.