**In re Gary BLONDER, Debtor.**

---

**Gary Blonder, Debtor–Appellant,**

v.

**Anthony Novak, Trustee–Appellee.**

**Docket No. 02–5012.**

United States Court of Appeals, Second Circuit.

Oct. 4, 2002.

Gary Blonder, pro se, West Hartford, CT, for appellant.

Edward C. Taiman, Jr., Sabia & Hartley, LLC, Hartford, CT, for appellee.

Present FEINBERG, SACK, Circuit Judges, and MURTHA,* District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is AFFIRMED.

Debtor Appellant, Gary Blonder, *pro se,* appeals from the January 15, 2002 order of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge* ), which denied his motion to reconsider the dismissal of his bankruptcy appeal.

In October 2001, Trustee Appellee Anthony Novack moved to dismiss Blonder's bankruptcy appeal on the grounds that Blonder failed to file an appellate brief in accordance with Rule 8009 of the Federal Rules of Bankruptcy Procedure. The district court granted the motion to dismiss. The court stated that Blonder could file a motion for reconsideration within ten days, if he included a brief and an adequate explanation for his previous failure to file a

---

* Of the United States District Court for the    District of Vermont, sitting by designation.

brief. Blonder filed an objection within four days, but failed to include a brief or an adequate explanation of his previous failure to file a brief. In December 2001, the district court dismissed Blonder's bankruptcy appeal.

In January 2002, Blonder moved for reconsideration, arguing that the district court failed to consider all of his previous pleadings. The district court denied Blonder's motion. In May 2002, we dismissed Blonder's appeal from the underlying judgment as untimely, but found his appeal from the order denying his motion for reconsideration timely.

On appeal, Blonder argues that the district court abused its discretion by denying his motion for reconsideration because (1) he attempted to comply with the Bankruptcy Rules in good faith, turned over all pertinent records to the district court, and responded to the court's dismissal in a timely manner;(2) in his motion for reconsideration, he requested leave to proceed without a brief or, in the event that his request was denied, for a short extension to prepare a brief; and (3) as a *pro se* litigant, he should not be penalized for his unfamiliarity with the Bankruptcy Rules.

We review a district court's denial of a motion for reconsideration for abuse of discretion. *Malik v. McGinnis,* 293 F.3d 559, 561 (2d Cir.2002). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to ... matters ... that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995). "Although *pro se* litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." *LoSacco v. City of Middletown,* 71 F.3d 88, 92 (2d Cir.1995) (internal quotation marks and citations omitted).

A thorough review of the record reveals that the district court did not abuse its discretion. The district court granted Blonder two extensions to comply with the Bankruptcy Rules. After dismissing his appeal, the court invited him to file an appellate brief. In his motion for reconsideration, Blonder declined this invitation without an adequate explanation. He failed to point to any matters that would reasonably be expected to alter the district court's conclusion. When the district court denied his motion for reconsideration, it acted within its discretion under the Bankruptcy Rules.

For the above reasons, the order of the district court is hereby AFFIRMED.