**Gary SADLER, Plaintiff–Appellant,**

v.

**SUPREME COURT OF THE STATE OF CONNECTICUT, William J. Sullivan, David M. Borden, Joette Katz, Flemming L. Norcott Jr., Richard N.**

Palmer, Christine S. Vertefeuille, Peter T. Zarella, State of Connecticut Appellate Court, William J. Lavery, Anne C. Dranginis, Joseph P. Flynn, Paul M. Foti, Sidney S. Landau, Socrates H. Mihalakos, Joseph H. Pellegrino, State of CT Administrative Judge, in his individual and official capacities, Barry R. Schaller, E. Eugene Spear, Chief Adm. Judge, Gary White, Public Defender, State of CT Superior Court Judge, in his individual and official capacities, and State of Connecticut Rockville Court Judges, Defendants–Appellees.* ·

No. 05–2276–PR.

United States Court of Appeals, Second Circuit.

Feb. 15, 2006.

Gary Sadler, Suffield, CT, for Plaintiff–Appellant, pro se.

Philip Miller, Assistant Attorney General (Richard Blumenthal, Attorney General for State of Connecticut, on the brief), Hartford, CT, for Defendants–Appellees.

PRESENT: Hon. DENNIS JACOBS, Hon. RICHARD C. WESLEY, and Hon. JOHN R. GIBSON,** Circuit Judges.

*SUMMARY ORDER*

Gary Sadler ("Sadler") appeals from a ruling and order entered January 6, 2005, in United States District Court for the

---

* The official caption contains several grammatical problems, which are hereby corrected.

** The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

District of Connecticut (Underhill, *J.*), denying his Rule 60(b) motion for reconsideration of the October 7, 2004 judgment that dismissed the complaint (pursuant to 28 U.S.C. § 1915(e)(2)(B)). Sadler's complaint alleges that numerous judges of the Connecticut Supreme, Appellate and Superior Courts deprived him of equal protection of the law and access to the courts. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

"An appeal from an order denying a Rule 60(b) motion for reconsideration brings up for review only the denial of the motion and not the merits of the underlying judgment." *Malik v. McGinnis,* 293 F.3d 559 (2d Cir.2002) (citation and quotation omitted). We review a denial of Rule 60(b) motion under an abuse of discretion standard. *See id.* This Court can affirm a dismissal on any basis for which there is sufficient support in the record, including grounds not relied upon by the district court. *See, e.g., E.E.O.C. v. J.B. Hunt Tranp., Inc.,* 321 F.3d 69, 73–74 (2d Cir. 2003).

■ (1) Superior Court Judge White is immune from liability under § 1983 for damages and injunctive relief. Judge White performed a judicial action within his jurisdiction when he determined that Sadler's counsel (appointed for Sadler's state *habeas* proceeding) should not be replaced. *See Huminski v. Corsones,* 396 F.3d 53, 74 (2d Cir.2005). In addition, Sadler's claim for declaratory relief against Judge White lacks merit for the reasons enunciated by the district court.

(2) The district court did not abuse its discretion in concluding that Judge White properly declined to appoint Sadler new counsel during his state *habeas* proceeding. *See Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (holding that a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction).

■ (3) Sadler was not denied his constitutional right of access to the courts because he did not show that his appointed attorney had rendered him incapable of bringing his claims before the court. *See Bourdon v. Loughren,* 386 F.3d 88, 92 (2d Cir.2004).

The Court has considered plaintiff's remaining arguments and finds them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.