10-4365-pr
Pollard v. John Does 1 Through 5

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of December, two thousand and eleven.

Present:
 PETER W. HALL,
 GERARD E. LYNCH,
 DENNY CHIN,
  *Circuit Judges.*

---

Elwin Pollard,

  *Plaintiff-Appellant*,

 v.  No. 10-4365-pr

John Does 1 through 5, E.S.U. Unit,

  *Defendants-Appellees*.

---

FOR APPELLANT: JONATHAN K. YOUNGWOOD, Simpson Thacher & Bartlett LLP, New York, NY.

FOR APPELLEES: NORMAN CORENTHAL, Assistant Corporation Counsel (Kristin M. Helmers, *of counsel*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

---

Appeal from an order of the United States District Court for the Southern District of New York (Batts, *J.*).  **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the order of the district court is **AFFIRMED.**

Plaintiff-Appellant Elwin Pollard appeals the district court's denial of his motion pursuant to Federal Rule of Civil Procedure 60(b)(1) to vacate that court's August 2009 order dismissing his 42 U.S.C. § 1983 action for failure to prosecute.[1]  Pollard, who is represented by appointed *pro bono* counsel on appeal, but who proceeded *pro se* below, maintains that the district court erred by denying his motion because he demonstrated that his failure to respond to the court's July 2009 show cause order was due to excusable neglect.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and discuss these only where necessary to our decision.

We review for abuse of discretion the denial of a Rule 60(b) motion.  *See Harris v. Kuhlmann*, 346 F.3d 330, 348 (2d Cir. 2003).  Where a party appeals solely from the denial of such a motion, that appeal "brings up for review only the denial of the motion and not the merits of the underlying judgment." *Malik v. McGinnis*, 293 F.3d 559, 561 (2d Cir. 2002).

Rule 60(b)(1) permits a district court on motion to "relieve a party . . . from a final judgment, order, or proceeding for [*inter alia*] . . . excusable neglect," and in this context, "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*

---

[1]  Although Pollard did not identify in his motion what particular federal rule entitled him to vacate the district court's dismissal order, it is clear from the language of the motion that Pollard sought relief pursuant to Federal Rule of Civil Procedure 60(b)(1). *See generally Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (affirming the well-established rule that a "document filed *pro se* is to be liberally construed") (internal quotation marks omitted).

*P'ship*, 507 U.S. 380, 394 (1993); *accord Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997). The question of whether a party has demonstrated excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omissions." *Pioneer*, 507 U.S. at 395. Four factors bear on this question: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its possible effect on the district court proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See id.*; *see also Canfield*, 127 F.3d at 250 (acknowledging that while the Supreme Court's interpretation of "excusable neglect" in *Pioneer* was particular to Bankruptcy Rule 9006(b)(1), that interpretation was applicable beyond that context, including with respect to Fed. R. Civ. P. 60(b)(1)); *accord Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 365-66 (2d Cir. 2003). Applying this standard, and based on our consideration of the facts known to the district court at the time it denied Pollard's Rule 60(b) motion, we find no abuse of discretion with the court's ruling.

Although Defendants do not assert that Pollard's failure to respond timely to the court's show cause order caused them prejudice, Pollard's inaction nonetheless resulted in many months of delay. Indeed, at the time the district court dismissed the complaint, after the case had been pending for nearly a year, Pollard had taken little initiative to advance the litigation. He had not served discovery requests, and there is no indication that he had attempted to ascertain the identities of the John Doe defendants. Pollard initially failed to respond to the show cause order because he had not received it, due to his failure to notify the court of his change of address, as he had been ordered to do. While he now asserts that he attempted to comply with the requirement by advising the Law Department of the City of New York, which he says he confused with the court's *pro se* office, he did not update his address with the court, and did not

3

allege in his Rule 60(b) motion that his failure to do so arose from what he now says was his erroneous conflation of the *pro se* office and the Law Department. Moreover, by the time his motion had been filed, another nine months had passed without any further action by Pollard to advance the case.

Accordingly, in ruling on the Rule 60(b) motion in August 2010, the district court knew only that: (1) Pollard had failed to prosecute his case for more than a year and a half; (2) he had also failed to comply with the court's October 2008 order to maintain a current address with the *pro se* office; (3) his sole explanation for his delay and inaction was that he had kept the City's Law Department informed of his address changes; and (4) he knew how to update his address with the court because he had done so in December 2009. On these facts, we cannot say that the district court abused its discretion in denying Pollard's Rule 60(b) motion, as there was little basis upon which the court could have concluded – based on the facts known to it at the time – that Pollard's delay was excusable.

For all of these considerations, the district court did not abuse its discretion by denying Pollard's Rule 60(b) motion. The court's order is therefore AFFIRMED. We thank *pro bono* counsel for his assiduous efforts.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4