Massop v. U.S. Postal Serv.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of August, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> > *Circuit Judges.*

———————————————————————————

Tracy Massop,

> *Plaintiff-Appellant*,

> v.                                                            11-4816-cv

United States Postal Service,

> *Defendant-Appellee*.

———————————————————————————

FOR PLAINTIFF-APPELLANT:          Tracy Massop, *pro se*, Brooklyn, N.Y.

FOR DEFENDANT-APPELLEE:          Scott R. Landau, Assistant United States Attorney, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Townes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Tracy Massop, proceeding *pro se*, appeals the district court's order denying her construed Federal Rule of Civil Procedure 60(b) motion for reconsideration of the district court's *sua sponte* dismissal of her complaint brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, for lack of subject matter jurisdiction. Massop's complaint primarily concerned alleged deficiencies in her postal service; the district court ruled that her claims fell under the "postal matter exception" to the Act, *see* 28 U.S.C. § 2680(b) (providing that the Act's waiver of sovereign immunity does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, we must determine the scope of our appellate review. Here, because Massop appeals only from the district court's November 2011 order denying her Rule 60(b) motion for reconsideration, we lack jurisdiction to review the merits of the district court's original judgment of dismissal. *See Malik v. McGinnis*, 293 F.3d 559, 561 (2d Cir. 2002) ("An appeal from an order denying a [motion for reconsideration] brings up for review only the denial of the motion and not the merits of the underlying judgment." (internal quotation marks and alteration omitted)). Accordingly, we do not address Massop's challenges to the merits of the district court's judgment.

2

"The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court, and appellate review is confined to determining whether the district court abused that discretion." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks omitted). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009) (internal quotation marks and citations omitted). A Rule 60(b) motion may not be used "as a substitute for an appeal [a party] failed to take in a timely fashion." *Stevens*, 676 F.3d at 67. "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Moreover, such a motion will not be granted absent the demonstration of "extraordinary circumstances." *See Stevens*, 676 F.3d at 67 (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in denying Massop's motion for reconsideration. As the court correctly noted, Massop did not provide the court with any controlling case law or data that it had overlooked, nor did she allege facts demonstrating extraordinary circumstances warranting relief from the judgment of dismissal. Additionally, if the motion were construed as one brought pursuant to Rule 60(b)(1) (allowing for relief from judgment based on, *inter alia*, "mistake," including judicial mistake), it would have been untimely. *See Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977). Finally, to the

3

extent Massop was using the motion for reconsideration to challenge the merits of the district court's judgment, she was improperly using the motion as a substitute for appeal. *See Stevens*, 676 F.3d at 67.

Massop's arguments on appeal do not affect our conclusion. First, we find Massop's challenge to the district court's construction of her "Rule 60(a)" motion as a Rule 60(b) motion to be without merit for substantially the same reasons stated by the district court in its November 2011 decision. To the extent that her arguments can be construed as a challenge to the district court's denial of her motion for an extension of time to file her appeal from the original judgment, we lack jurisdiction to review the district court's denial of that motion, as Massop did not file a notice of appeal from the denial of that motion. *See* Fed. R. App. P. 3(c)(1)(B); *Gonzalez v. Thaler,* 132 S. Ct. 641, 651-52 (2012).

We have considered Massop's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4