13-1244-cv
Sean McMahon v. Chubb Group of Insurance Companies

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand fourteen.

Present:
> CHESTER J. STRAUB,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

_____

SEAN MCMAHON,[1]

> *Plaintiff–Appellant*,

v.                                                                No. 13-1244-cv

CHUBB GROUP OF INSURANCE COMPANIES, DIVISION OF
FEDERAL INSURANCE COMPANY

> *Defendant–Appellee*.

_____

FOR APPELLANT:          Kevin S. Coyne, Coyne, von Kühn, Brady & Fries, LLC, Stratford, CT.

FOR APPELLEE:           James M. Sconzo, Jonathan C. Sterling, Jorden Burt LLP, Simsbury, CT.

_____

---

[1] Sean McMahon was substituted as the real party in interest for the Commissioner of the Connecticut Department of Labor by order of this Court, dated September 19, 2013, pursuant to Fed. R. App. P. 43.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff Sean McMahon appeals from the judgment of the district court dismissing the case pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief may be granted and from the district court's order denying a motion to reconsider. In the district court, the Commissioner of the Connecticut Department of Labor (the "Commissioner") pursued an action for the retention of wages, under Connecticut General Statutes § 31-72 on McMahon's behalf against his employer, Chubb Group of Insurance Companies ("Chubb"). The district court held that the Commissioner failed to state a valid claim because the payments withheld constituted a discretionary bonus, and under Connecticut law such payments are not wages as defined under Connecticut General Statutes § 31-71a(3). McMahon disagrees and argues on appeal that the bonus does fall within the statutory definition of wage, and he has, therefore, stated a claim under Connecticut General Statutes § 31-72. He further argues that the contract providing for the bonus is ambiguous and open to interpretation, and as a result additional evidence is needed to determine the intent of the parties in entering into the agreement. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review the dismissal of a complaint pursuant to Rule 12(b)(6) *de novo*, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). On review, we must determine whether the allegations in the complaint

2

"state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a plausible claim to relief, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Because McMahon's sole argument on appeal rests upon whether a bonus promised him under Chubb's "Annual Incentive Compensation Plan" (the "Plan") falls under the statutory definition of wage for the purposes of a civil action brought pursuant to Connecticut General Statutes § 31-72, our analysis begins there.[2] The applicable cases addressing civil wage enforcement actions can be distilled to say that "the classification of a compensation provision as wages under § 31-71a(3) requires the satisfaction of 3 factors: (1) the award of compensation must be non-discretionary, (2) the amount of the compensation must be non-discretionary, and (3) the amount of the bonus must be dependent on the employee's performance." *Datto Inc. v. Braband*, 856 F. Supp. 2d 354, 371 (D. Conn. 2012) (citing *Ass'n Res., Inc. v. Wall*, 298 Conn. 145, 173–77 (2010)). Here, the Plan authorizes a designated committee to "reduce or eliminate any Award under the Plan." Joint App'x at 45. The amount of any award may be based, in part, on whether the business has met certain performance goals such as those set for "combined loss and expense ratio," "earnings or net income per share or operating income per share," "operating

---

[2] Connecticut General Statutes § 31-72 reads:

> When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive, or fails to compensate an employee in accordance with section 31-76k or where an employee or a labor organization representing an employee institutes an action to enforce an arbitration award which requires an employer to make an employee whole or to make payments to an employee welfare fund, such employee or labor organization may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court, and any agreement between him and his employer for payment of wages other than as specified in said sections shall be no defense to such action. . . .

Conn. Gen. Stat. § 31-72.

3

efficiency," and the like. Joint App'x at 44. Furthermore, by the express and unambiguous terms of the Plan, the amount of any award is based not solely on an individual's performance but rather on the performance of Chubb, its subsidiaries, affiliates, or any internal operating units and divisions. Any bonus awarded under the Plan is, thus, discretionary as to both whether an award is to be made in the first instance and the amount of such award. We agree with the district court, therefore, that such payments do not constitute wages for purposes of Connecticut General Statutes § 31-72.

Nor are we persuaded by McMahon's argument that the Plan is ambiguous. Applying principles of contract interpretation under Connecticut law, *see, e.g.*, *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 446 (2d Cir. 2005), we view the plain language of the Plan as unambiguous. The fact that section 5 of the plan provides the committee with the authority to reduce or eliminate an award while section 6 provides for mere confirmation by the committee does not create an ambiguity. Furthermore, McMahon's favorable review by his supervisor— while a necessary component of McMahon receiving an Award—does not, by itself, entitle McMahon to an award. Nor does the fact that McMahon received a favorable review establish any ambiguity in the terms of the Plan. McMahon's arguments that there is ambiguity in what is a plainly expressed discretionary incentive plan are without merit.

Finally, we affirm the district court's decision to deny the Rule 60(b) motion. "We review the denial of a Rule 60(b) motion for reconsideration for an abuse of discretion." *Malik v. McGinnis*, 293 F.3d 559, 561 (2d Cir. 2002). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009) (internal quotation marks

4

omitted).  Insofar as McMahon appeals from the denial of that motion, he has failed to brief any issue bearing on the district court's decision.  He has thus waived any argument he could have made.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

We have considered McMahon's remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
