17-3125-cv
*William v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of June, two thousand eighteen.

PRESENT:   Dennis Jacobs,
                   Christopher F. Droney,
                               *Circuit Judges*,
                   Stefan R. Underhill,
                               *District Judge*.[*]

_____

Ronald William,

                   *Plaintiff-Appellant*,

          v.                                                              17-3125-cv

City of New York, New York City Police
Department, Police Officer Christopher Foy,
Shield #5101, Police Officer Marcus Colon,
Shield #4439, John Does, 1–5, actual names
unknown at this time,

                   *Defendants-Appellees*.

_____

[*] Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**         David J. Hernandez, Esq., Brooklyn, New York.

**FOR DEFENDANTS-APPELLEES:**       Ellen Sara Ravitch and Deborah A. Brenner,
                                    Assistant Corporation Counsels, *for* Zachary W.
                                    Carter, Corporation Counsel of the City of New
                                    York, New York, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order is **VACATED** and the case is **REMANDED**.

Plaintiff-appellant Ronald William[1] appeals from an order entered September 6, 2017, denying his letter motion filed pursuant to Federal Rule of Civil Procedure 60(b)(1). William's Rule 60(b)(1) motion sought relief from an order dated October 24, 2016, by which the district court dismissed his case without prejudice for failure to prosecute after William neglected to respond to an order directing him to file proofs of service on the docket. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The October 24, 2016 order stated:

> Plaintiff commenced this action on June 30, 2016. On October 5, 2016, after Plaintiff failed to serve any of the Defendants within 90 days, the Court issued an Order stating that this action would be dismissed for failure to prosecute unless, by October 19, 2016, Plaintiff filed proof of service with the Clerk of the Court or showed cause why a further extension of time for service was warranted, in accordance with Federal Rule of Civil Procedure 4(m). The October 19, 2016 deadline has passed, and Plaintiff has submitted nothing. Accordingly, IT IS HEREBY ORDERED THAT this case is dismissed in its entirety without prejudice

---

[1] In his briefs on appeal, William now calls himself "Ronald Williams." We refer to him as "Ronald William," the name by which he identified himself in the complaint and in his notice of appeal, and by which he is listed on the case docket.

for failure to prosecute. The Clerk of the Court is respectfully directed to close this case.

App. 41 (internal citations omitted).

Ten months later, William belatedly filed proofs of service on the docket that showed he had, in fact, timely served the defendants. He moved pursuant to Rule 60(b)(1) for the district court to vacate its order of dismissal for failure to prosecute. On September 6, 2017, the district court denied William's motion, stating:

> Plaintiff's request to reopen this case eleven months after the Court dismissed it for failure to prosecute is DENIED. Plaintiff's failure to respond to Court orders or to check the docket sheet of his own case for nearly a year is not the equivalent of missing a filing deadline and does not constitute the kind of mistake, inadvertence, excusable neglect, or other exceptional circumstance that warrants relief under Rule 60. *See, e.g.*, *Pollard v. Does*, 452 F. App'x 38, 40–41 (2d Cir. 2011) [(summary order)] (upholding dismissal for failure to prosecute where plaintiff failed to comply with court orders and to prosecute his case for more than a year); *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) ("failure to follow the clear dictates of a court rule" not excusable neglect). Since the Court dismissed this case without prejudice, Plaintiff is of course free to re-file, subject to the applicable statute of limitations.

App. 58. By the time William filed his motion to vacate the order of dismissal, the statute of limitations had run on nearly all of his claims. Thus, the district court's denial of Rule 60(b)(1) relief effectively dismissed William's case with prejudice.

Rule 60(b)(1) provides that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment [or] order" on the basis of "mistake, inadvertence, surprise, or excusable neglect." We review district court rulings on Rule 60(b) motions for abuse of discretion. *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998).

The Supreme Court has cabined district courts' discretion under Rule 60(b)(1) by identifying four non-exclusive equitable factors that "determin[e] what sorts of neglect will be

3

considered 'excusable.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) ("*Pioneer*"). Those factors are:

> (i) The "danger of prejudice" to the non-moving party;
>
> (ii) The "length of the delay and its potential impact on judicial proceedings";
>
> (iii) The "reason for the delay, including whether it was within the reasonable control of the movant"; and
>
> (iv) "[W]hether the movant acted in good faith."

*Id.* Our sister circuits have held that in deciding a Rule 60(b)(1) motion, the district court "must fully consider" and is "obligated to consider th[e] factors" identified in *Pioneer*. *See Washington v. Ryan*, 833 F.3d 1087, 1098 (9th Cir. 2016) (en banc); *Chorosevic v. MetLife Choices*, 600 F.3d 934, 947 (8th Cir. 2010); *see also, e.g.*, *In re Am. Classic Voyages Co.*, 405 F.3d 127, 133 (3d Cir. 2005) ("[a]ll [of the *Pioneer*] factors must be considered and balanced" by the district court); *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 363 (7th Cir. 1997) (discretion "must be exercised after careful consideration of . . . the equitable factors set forth in *Pioneer*"); *cf. In re MI Windows & Doors Prods. Liab. Litig.*, 860 F.3d 218, 226 (4th Cir. 2017) (district courts "should consider [the *Pioneer*] factors"). Likewise, we have stated that "[i]n determining whether or not there was 'excusable neglect'" for purposes of Rule 60(b)(1), "the district court is to consider the *Pioneer* factors." *United States v. Hooper*, 43 F.3d 26, 29 (2d Cir. 1994) (per curiam).

Here, the district court did not discuss the *Pioneer* factors, but nonetheless held that William's "failure to respond to [c]ourt orders or to check the docket sheet of his own case for nearly a year . . . d[id] not constitute the kind of mistake, inadvertence, excusable neglect, or other exceptional circumstance that warrants relief under Rule 60." App. 58. By thus denying William's motion "without reference to the *Pioneer* four-factor balancing standard" and "without articulating reasons as to why [William]'s neglect was not excusable, the District Court did not

4

properly exercise its discretion." *In re Diet Drugs (Phentermine/Fenfluramine/ Dexfenflurammine) Prods. Liab. Litig.*, 401 F.3d 143, 154 (3d Cir. 2005). Accordingly, we vacate the order denying relief under Rule 60(b)(1) and remand to the district court for an appropriate exercise of its discretion in light of the *Pioneer* factors.

We **VACATE** the order denying relief under Rule 60(b)(1) and **REMAND** this matter to the district court for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk