20-3684-pr
*Vasquez v. Rockland County*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand twenty-one.

PRESENT:    PIERRE N. LEVAL,
            JOSÉ A. CABRANES,
            DENNY CHIN,
                        *Circuit Judges.*

---

KIM VASQUEZ,

        *Plaintiff-Appellant,*                         20-3684-pr

        v.

ROCKLAND COUNTY, SERGEANT KARL MUELLER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS A CORRECTION OFFICER EMPLOYED BY THE COUNTY OF ROCKLAND, SERGEANT JOHN KLEBER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS A CORRECTION OFFICER EMPLOYED BY THE COUNTY OF ROCKLAND, CORRECTION OFFICER JOHN KEZEK, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS A CORRECTION OFFICER EMPLOYED BY THE COUNTY OF ROCKLAND, CORRECTION OFFICER PAUL ORBACZ, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS A CORRECTION OFFICER EMPLOYED BY THE COUNTY OF ROCKLAND,

        *Defendants-Appellees.**

---

    *The Clerk of Court is directed to amend the caption as set forth above. *See* Am. Compl. at 1.

FOR PLAINTIFF-APPELLANT:                    Kim Vasquez, *pro se*, Comstock, NY.

FOR DEFENDANTS-APPELLEES:                   Ari I. Bauer, Catina, Mahon & Rider
                                            PLLC, Newburgh, NY.

Appeal from orders of the United States District Court for the Southern District of New York (Sarah L. Cave, *Magistrate Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal of the February 24, 2020 order of the District Court is **DISMISSED**, and the October 15, 2020 order be and hereby is **AFFIRMED.**

Plaintiff Kim Vasquez ("Vasquez") appeals from a February 24, 2020 order granting summary judgment against him, and from an October 15, 2020 order denying his Rule 60(b) motion for reconsideration.

Through counsel, Kim Vasquez sued Rockland County and individual Rockland County Correctional Center officers (together "Defendants"), alleging use of excessive force and retaliation against him for being a Muslim in violation of his constitutional rights under 42 U.S.C. § 1983. Vasquez's counsel withdrew during discovery, after which Vasquez proceeded *pro se*. Defendants moved for summary judgment, and the District Court granted the motion on all of Vasquez's claims. Eight months later, Vasquez moved for reconsideration. Vasquez's address had changed several times during the course of the litigation, and he claimed that he had not received Defendants' motion for summary judgment. He also argued that he had been sick and injured when the District Court dismissed the case and that he had not learned of the dismissal until he looked up the status of his case on a jailhouse computer. He therefore argued that the District Court erred in granting summary judgment when he had not been served with the motion and had had no opportunity to oppose it. The District Court denied Vasquez's motion for reconsideration. Vasquez appeals, proceeding *pro se*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

### 1. Jurisdiction

As an initial matter, Vasquez's appeal from the District Court's order denying his Rule 60(b) motion is timely, but his appeal from the order granting Defendants' motion for summary judgment is untimely, and we have jurisdiction to review only the former.

A notice of appeal in a civil case must generally be "filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). That 30-day

period can be tolled if a party "files for relief under Rule 60," but only "if the [Rule 60] motion is filed no later than 28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi). Vasquez did not file his Rule 60(b) motion within 28 days, and so his 30-day limit to appeal the summary judgment is not tolled. Therefore, his appeal of that judgment almost eight months later is untimely, and we do not have jurisdiction to review it. *Bowles v. Russell*, 551 U.S. 205, 209 (2007) ("[T]aking of an appeal within the prescribed time is mandatory and jurisdictional." (internal quotation marks omitted).) However, because Vasquez filed his notice of appeal within 30 days of the District Court's October 15 dismissal of his Rule 60(b) motion, we have jurisdiction over the appeal insofar as we construe it as an appeal from the denial of that motion.[1] Therefore, only the District Court's October 15 order is properly before us. *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991) ("An appeal from an order denying a Rule 60(b) motion brings up for review only the denial of the motion and not the merits of the underlying judgment.").

### 2. Rule 60(b) Order

We review a denial of a motion under Rule 60(b) for an "abuse of discretion." *Branum,* 927 F.2d at 704. A district court abuses its discretion when it "bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *Yukos Capital S.A.R.L. v. Feldman*, 977 F.3d 216, 234 (2d Cir. 2020) (internal quotation marks omitted). A motion for reconsideration is justified where the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

Vasquez does not point to any intervening change of controlling law in support of his motion for reconsideration.  To the extent that he argues that new evidence warranted granting the motion—that he was sick or injured on February 20, 2020, four days before the District Court granted summary judgment, and he therefore could not update the court on his current address—this does not constitute a fact "of such importance that it probably would have changed the outcome" of the summary judgment order. *Mirlis v. Greer*, 952 F.3d 36, 50 (2d Cir. 2020) (internal quotation marks omitted).

---

[1] While Vasquez's notice of appeal does not explicitly mention the denial of his Rule 60(b) motion, and a notice of appeal must "designate the judgment, order or part thereof appealed from," Fed. R. App. P. 3(c), we "construe notices of appeal liberally, taking the parties' intentions into account." *Meilleur v. Strong*, 682 F.3d 56, 60 (2d Cir. 2012) (internal quotation marks omitted). Vasquez describes his notice of appeal as having been filed "promptly upon . . . denial of his motion for reconsideration," Appellant's Br. 4, and argues the magistrate judge abused her discretion in denying that motion, *id.* 20, 27, making his "intention to seek review of both" the summary judgment and reconsideration motions "manifest." *See Foman v. Davis*, 371 U.S. 178, 181 (1962).

We also do not credit Vasquez's argument that he allegedly was not served with the summary judgment motion, which denied him an "opportunity to be heard" in opposing the motion. Vasquez has never addressed the magistrate judge's ruling that his claim not to have received the summary judgment motion was "not credible." *See Vasquez v. Rockland County et al.*, 13-cv-5632 (S.D.N.Y. Feb. 25, 2020), ECF 117 (Order).

In any event, Federal Rule of Civil Procedure 5 permits service of motion papers by mail at a party's "*last known*" address, "in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C) (emphasis added). It was Vasquez's responsibility to keep the court apprised of his most current address, as he did several times throughout the litigation. Prior to the filing of the summary judgment motion on January 10, 2018, Vasquez had last updated his address to a residence in Texas on May 31, 2017. The record is clear that Vasquez was served with the motion at that address, his last known physical addresses prior to that, and at three different email addresses. Finally, Vasquez acknowledges that not receiving the summary judgment motion papers may have been due to his family not giving him the mail, or to his mental health issues, rather than not being served. Thus, the District Court's ruling that he received the motion does not constitute "clear error" or "manifest injustice." *See United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009) (manifest injustice standard is "deferential to district courts and provide[s] relief only in the proverbial rare case"); *see also Pollard v. Does*, 452 F. App'x 38, 40 (2d Cir. 2011) (summary order) (district court did not abuse its discretion in denying Rule 60(b) motion where movant failed to comply with a court order to keep his address current and knew how to update his address, having done so previously).

Vasquez argues separately that the District Court erred in designating a magistrate judge to decide the summary judgment motion. Appellant's Br. 6, 25. This is not so, because, as Vasquez admits, his counsel consented to a magistrate judge's jurisdiction. 28 U.S.C. § 636(b)(1)(A), (c)(1).

## CONCLUSION

We have reviewed all of the arguments raised by Vasquez on appeal and find them to be without merit. For the foregoing reasons, we **DISMISS** the appeal of the February 24, 2020 order of the District Court, and we **AFFIRM** the October 15, 2020 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4