09-0081-pr
Tony Harris v. City of New York

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2009

(Argued: April 12, 2010          Decided: June 2, 2010)

Docket No. 09-0081-pr

_____

TONY HARRIS,

*Plaintiff-Appellant,*

—v.—

CITY OF NEW YORK, WARDEN C-95, C.O. MILLER, JOHN DOE #1, JOHN DOE #2,

*Defendants-Appellees.*

_____

B e f o r e :

LEVAL, KATZMANN and B.D. PARKER, *Circuit Judges.*

_____

Appeal from an Order of the District Court for the Southern District of New York (Richard J. Sullivan, *J.*), entered October 27, 2008, revoking the Plaintiff-Appellant's *in forma pauperis* status and dismissing his complaint pursuant to 28 U.S.C. § 1915(g).  We hold that § 1915(g) applies to a plaintiff who has been released from prison subsequent to the filing of his complaint; that a court can dismiss a complaint pursuant to § 1915(g) even if the defendants did not raise that provision in the pleadings; and that a court may rely on docket sheet entries of prior dismissals in order to determine whether § 1915(g) applies.  In addition, we find that the Plaintiff-Appellant does not qualify for the imminent danger exception under § 1915(g).  We

affirm the district court's dismissal of the Plaintiff-Appellant's complaint, but vacate the court's order of dismissal and remand to allow the court to issue a new order of dismissal permitting the Plaintiff-Appellant to apply for *in forma pauperis* status as a non-incarcerated plaintiff if he chooses to refile his complaint.

_____

JUSTINE M. MONGAN, ELIZABETH S. LOSEY, (Jon Romberg, *on the brief*), Center for Social Justice, Seton Hall University School of Law, Newark, NJ, *for Plaintiff-Appellant*.

KAREN M. GRIFFIN, Assistant Corporation Counsel (Francis F. Caputo, Assistant Corporation Counsel, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, *for Defendants-Appellees*.

_____

KATZMANN, *Circuit Judge*:

This case calls upon us in principal part to interpret the "three strikes rule" of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which prohibits incarcerated prisoners from filing *in forma pauperis* in federal court if they have previously brought three or more actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted. In the matter at hand, our task is to determine whether, pursuant to the three strikes rule, a district court should dismiss a prisoner-plaintiff's complaint if he has been released from prison subsequent to the filing of his complaint. We hold that dismissal by the district court in such circumstances is appropriate. We also conclude that the three strikes rule need not be raised by the defendant in the pleadings in order to serve as grounds for dismissal. In addition, in determining whether prior dismissals constitute "strikes" under § 1915(g), courts may rely on docket sheet entries if they indicate with

2

sufficient clarity the grounds for dismissal of the prior suits. Finally, we determine that the Plaintiff-Appellant does not qualify for the imminent danger exception under § 1915(g). We affirm the district court's dismissal of the Plaintiff-Appellant's complaint, but vacate the court's order of dismissal and remand to allow the court to issue a new order of dismissal permitting the Plaintiff-Appellant to apply for *in forma pauperis* status as a non-incarcerated plaintiff if he chooses to refile his complaint.

**I**

Plaintiff-Appellant Tony Harris filed a complaint under 42 U.S.C. § 1983 on September 7, 2007. Harris was an inmate at the City of New York Department of Corrections facility at Riker's Island at the time. The complaint alleged, *inter alia*, that Harris was assaulted by approximately ten corrections officers at Riker's Island in New York City on or around July 14, 2005. Compl. at 2-3. Harris filed a grievance with prison authorities on July 15, 2005, additionally stating that his request for medical treatment for his injuries was denied. In an amended complaint filed March 14, 2008, Harris alleged that he was attacked again, in "January 2006 an[d] Spring 2007," that he was "ass[a]ulted and taunted for filing suit by officers," and that he suffered a ruptured eardrum, for which he was denied medical attention. Am. Compl. at 2-3. The amended complaint also alleged that he suffered a fractured jaw in the July 2005 attack. *Id*. at 3.

In tandem with his initial complaint, Harris sought leave to proceed *in forma pauperis*, which was granted by the court the same day the complaint was docketed. The defendants filed an answer to the amended complaint on August 5, 2008. The answer did not allege that Harris was in violation of the PLRA's three strikes rule. On September 30, 2008, the defendants sent a letter motion requesting that the court issue an order to show cause why Harris's *in forma*

3

*pauperis* status should not be revoked under the three strikes rule (or, alternatively, hold a conference concerning that request). The defendants asserted that Harris had previously filed five claims or appeals constituting strikes under § 1915(g) while incarcerated.

On October 3, 2008 the district court issued an order to show cause instructing Harris to show, by October 30, 2008, why the court should not revoke his *in forma pauperis* status pursuant to the three strikes rule of 28 U.S.C. § 1915(g). On October 16, 2008, Harris filed a motion for leave to file non-prison service papers. He also filed an opposition to the order to show cause, asserting that he did not have three prior strikes and that he should not be deprived of *in forma pauperis* status under 28 U.S.C. § 1915(g) because, *inter alia*, he "remains [in] and has suffered imminent danger of serious injury."

On October 27, 2008 the district issued an order revoking Harris's *in forma pauperis* status and dismissing his complaint without prejudice on the grounds that Harris had accumulated four strikes under the PLRA, was not entitled to *in forma pauperis* status, and had not paid any filing fees. *Harris v. City of New York*, 07-cv-7894 (S.D.N.Y. Oct. 27, 2008) (order of dismissal). The order stated that Harris could refile the case upon payment of the filing fee and court costs. *Id*. Harris, however, had apparently been released from prison in mid-2008, prior to the district court's order of dismissal.

Harris filed a timely notice of appeal to this Court, which appointed *pro bono* counsel to represent Harris on appeal. The motions panel instructed counsel to argue "(1) whether the 'three strikes' provision of the Prison Litigation Reform Act of 1995 ('PLRA') applies to a prisoner who has been released from custody; and (2) if the PLRA three strikes provision does apply, whether the district court correctly determined that Appellant had four prior PLRA strikes."

4

**II**

Under the PLRA, prisoner-litigants granted *in forma pauperis* status must pay the full amount of the filing fee to the extent they can afford to, as measured by the funds in their prison accounts. 28 U.S.C. § 1915(b)(1). The fees are paid through periodic debits from the plaintiff's prison account, which are forwarded to the court by the custodial agency. *Id*. § 1915(b)(2). There is an exception to the PLRA's payment structure: Prisoner-plaintiffs who have accumulated three strikes are prohibited by the PLRA from bringing further actions or appeals *in forma pauperis*. *Id.* § 1915(g). The full text of the provision is as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* When a prisoner-plaintiff satisfies the imminent danger exception, the suit continues as if the plaintiff did not have three strikes.

**III**

Harris argues that § 1915(g) is inapplicable in the present case because he was no longer a prisoner at the time the district court determined that he had previously brought at least three meritless actions. This Court reviews questions of statutory interpretation *de novo*. *Williams v. Beemiller, Inc.*, 527 F.3d 259, 264 (2d Cir. 2008).

Harris's interpretation of § 1915(g) runs counter to the text of the provision. *See Phong Thanh Nguyen v. Chertoff*, 501 F.3d 107, 112 (2d Cir. 2007) ("The law is well established that statutory construction begins with text because if the language of a statute is 'unambiguous,' no further inquiry is required."). Section 1915(g) begins: "In no event shall a prisoner *bring* a civil action or appeal" if on three or more occasions he has brought a suit that qualifies as a strike. 28

5

U.S.C. § 1915(g) (emphasis added). The use of the word "bring" offers a clear indication that the provision goes into effect—and bars the suit under the *in forma pauperis* section—at the moment the plaintiff files his complaint or notice of appeal. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (in determining when the "imminent danger" exception applies, noting that "the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made").

Had Congress intended that the three strikes rule would no longer apply once a prisoner had been released, it would have written the statutory provision differently. *See Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007) ("Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of the language accurately expresses the legislative purpose.") (quoting *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985)). Because Harris was a prisoner at the time he "brought" the present action, the text of the statute mandates that the three strikes rule apply.

In support of his argument Harris cites this Court's decision in *McGann v. Commissioner*, 96 F.3d 28 (2d Cir. 1996), which held that inmates who file suit while incarcerated but who have subsequently been released from custody are no longer required to pay filing fees under the payment scheme for incarcerated litigants, but are instead subject to the general *in forma pauperis* regime for indigent litigants. *Id*. at 30. Harris argues that *McGann* stands for the broad proposition that the provisions of 28 U.S.C. § 1915 do not apply to released prisoners.

This Court in *McGann*, however, interpreted a different section of the PLRA than the one at issue in the present case. The PLRA requires prisoner-litigants to pay the full amount of the filing fee under a carefully-structured regime in which they pay a fixed percentage of their prison

6

account balances at regular intervals. *See* 28 U.S.C. § 1915(b). The difficulty the *McGann* Court confronted is that, once a plaintiff is no longer a prisoner, "there is no prison account from which to calculate and debit the required payments," *McGann*, 96 F.3d at 29-30. Thus, the PLRA's payment scheme cannot be extended beyond the moment of a prisoner's release, and § 1915(b) must be read to require that once a prisoner is no longer incarcerated, either he pay the entire remaining amount of the filing fee or his obligation to pay fees is determined as it would be for any non-prisoner. *Id.* at 30. The *McGann* Court found that the statute's detailed payment system—applicable only to prisoners—indicated that Congress intended for the payment regime to end once a prisoner was released. Requiring a just-released prisoner to pay the entire balance of the fee in a single payment is "a result that would be more onerous than that imposed on those who remain incarcerated. It is not likely that Congress intended such a result." *Id.* at 30.

Unlike in *McGann*, in the present case application of the PLRA's three strikes rule to released prisoners is fully consistent with the statutory scheme, and it does not impose upon them any burden more onerous than the burden on those still incarcerated. Accordingly, this Court's decision in *McGann* does not support Harris's argument that § 1915(g) no longer applies once a prisoner has been released, and the district court was correct to apply § 1915(g) in this case.

Harris argues that even if § 1915(g) can be applied once a prisoner has been released, the three strikes rule is an affirmative defense that must be raised in the pleadings, and the defendants waived this defense by failing to bring Harris's multiple meritless suits to the district court's attention until almost two months after filing their answer to Harris's amended complaint. As an initial matter, we note that Harris's "Prisoner Complaint" forms misrepresented how many strike suits he had filed prior to bringing the instant action. Harris

should not benefit from his own misleading submissions, and as an equitable matter, he may have waived this argument. But we need not determine whether waiver applies because we conclude that the three strikes rule is not an affirmative defense that must be raised in the pleadings. Other courts have reached the conclusion that district courts may apply the three strikes rule *sua sponte*. *See Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 435-36 (D.C. Cir. 2007) ("[E]vidence showing the grounds for prior dismissals . . . . must be produced either by the defendant challenging the prisoner's IFP status or, when readily available, by the court itself."); *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) (stating that a prisoner can be "placed on notice of the potential disqualification under § 1915(g) by either the district court or the defendant"). This conclusion makes sense. First, in addition to initial actions in the district court, the three strikes rule applies to appeals, where there are no pleadings, and so it is unlikely that Congress intended to require that it be raised as an affirmative defense.

Moreover, although one of the PLRA's goals was protection of the corrections system, *see Ruggiero v. County of Orange*, 467 F.3d 170, 174 (2d Cir. 2006), an equally compelling purpose of the statute was to give district courts greater power to protect their dockets from meritless lawsuits, *see Ortiz v. McBride*, 380 F.3d 649, 658 (2d Cir. 2004) ("[T]he purpose of the PLRA . . . was plainly to curtail what Congress perceived to be inmate abuses of the judicial process."); 141 Cong. Rec. S14408-01, *S14418 (daily ed. Sept. 27, 1995) (statement of Sen. Hatch) ("[The PLRA] will help bring relief to a civil justice system overburdened by frivolous prisoner lawsuits."). To hold that the three strikes rule is waived unless raised by the defendant in the pleadings would strip the district courts of their ability to dismiss meritless suits. Indeed, in his reply brief to this Court Harris concedes that a district court "retains the discretion to resolve" the question of whether the plaintiff already has three strikes against him, "*even if not*

8

*raised by the parties*." Reply Br. at 15 (emphasis added). We agree, and find that a district court can invoke § 1915(g) to dismiss a prisoner lawsuit even if the three strikes rule has not be raised by the defendant in the pleadings.

Harris also contends that the district court erred in relying exclusively on the docket sheets of his past suits to determine whether he had previously brought three or more meritless suits. Harris contends that docket entries may not accurately describe the grounds for dismissal, and he urges this Court to adopt a rule mandating that courts review actual orders of dismissal in determining a prisoner-litigants's prior strikes. Nothing in the PLRA or the caselaw of this or other courts, however, suggests that courts have an affirmative obligation to examine actual orders of dismissal. *See Thompson* 492 F.3d at 434-35 (accepting docket reports indicating that prior dismissals satisfied at least one of the § 1915(g) criteria for a strike); *Andrews*, 398 F.3d at 1120 ("[D]istrict court docket records may be sufficient to show that a prior dismissal . . . counts as a strike"); *cf. Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996) ("A docket is a court's official record of what occurs in a case."). The district court may rely on the relevant docket sheets if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Andrews*, 398 F.3d at 1120.

In the present case, the docket sheets for three of the strikes found by the district court clearly indicate that the actions were dismissed for one of the § 1915(g) grounds. *See Johnson v. Dinkins*, 92-cv-5617 (S.D.N.Y. July 28, 1992) (order of dismissal); *Doe v. Attorney General NY*, 01-cv-04526 (S.D.N.Y. May 29, 2001) (order of dismissal); *Harris v. City of New York* , 07-cv-11555 (S.D.N.Y. Apr. 22, 2008) (order of dismissal). In addition, Harris was given a full opportunity to demonstrate that the dismissals at issue were for grounds not enumerated in the

9

PLRA.  Accordingly, the district court was fully justified in relying on the docket sheets in order to determine whether Harris had any prior strikes.

Finally, Harris argues in that even if the three strikes rule applies to him, its exception—when "the prisoner is under imminent danger of serious physical injury"—does as well.  *See* 28 U.S.C. § 1915(g).  The exception only applies to danger existing at the time the complaint is filed.  *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002).  Construing Harris's initial and amended complaints "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and emphasis omitted), we do not conclude that the facts alleged support a finding that he was in imminent danger at the time he filed his initial complaint.  Accordingly, Harris does not qualify for the statutory exception.

**IV**

We affirm the district court's dismissal of Harris's suit on the ground that he was in violation of the PLRA's three strikes rule.  The district court did err, however, in stating in its order of dismissal that Harris could refile the case upon payment of the filing fee and court costs.  Harris was apparently no longer incarcerated at the time the district court issued its order.  If that is still the case, if he chooses to refile his suit and can establish his eligibility for *in forma pauperis* status, he, like any non-incarcerated litigant, should be excused from paying the filing fee.  Accordingly, we affirm the district court's dismissal of Harris's complaint, but we vacate the court's order of dismissal and remand to allow the court to issue a new order of dismissal permitting Harris to apply for *in forma pauperis* status as a non-incarcerated plaintiff if he so qualifies.