# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2010

No. 10-60195
Summary Calendar

Lyle W. Cayce
Clerk

CHARLES TORNS, JR.,

Plaintiff-Appellant

v.

MISSISSIPPI DEPARTMENT OR CORRECTIONS, KATHRYN MCINTYRE,
Law Library Technician for Mississippi Department of Corrections and
Mississippi State Penitentiary ILAP; CHRISTOPHER B. EPPS,
COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS;
RICHARD PAUL PENNINGTON, Director for Mississippi Department of
Corrections and Mississippi State Penitentiary ILAP; LAWRENCE KELLY,
Superintendent for Mississippi State Penitentiary; LARRY C. HARDY,
Mississippi Department of Corrections and Mississippi State Penitentiary ARP
Claims Adjudicator,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:06-CV-75

Before DENNIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-60195

Charles Torns, Jr., filed a civil rights action challenging the conditions of his confinement in May 2006. Prior to bringing the civil rights action, Torns had accumulated three strikes under 28 U.S.C. § 1915(g). *See Torns v. Mississippi Dep't of Corrections*, No. 08-60403 (5th Cir. June 4, 2009) (unpublished*)*. The district court revoked Torns's in forma pauperis (IFP) status, and it dismissed the civil rights action when Torns failed to pay the filing fee.

Subsequent to his release from prison, Torns filed two motions for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The district court denied these motions. The instant appeal is from the denial of the second Rule 60(b) motion.

Torns has moved for the appointment of counsel on appeal. He asserts that he suffered a stroke and that he is not capable of preparing an appellate brief. Torns also questions the constitutionality of § 1915(g), and he contends that a recently released prisoner should be permitted to proceed with a civil rights action.

Pursuant to Fifth Circuit Rule 42.2, "[i]f upon the hearing of any interlocutory motion . . . it appears to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed." For the reasons discussed below, we dismiss Torns's appeal and deny the motion for appointment of counsel.

The extraordinary relief afforded by Rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief. *Pryor v. U. S. Postal Serv.,* 769 F.2d 281, 286 (5th Cir. 1995). Whether to grant or deny Rule 60(b) relief is within the sound discretion of the district court. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). "It is not enough that the granting of relief might have been permissible, or even warranted— denial must have been so unwarranted as to constitute an abuse of discretion." *Id.*

No. 10-60195

As a consequence of his accumulation of three strikes in 2004, Torns was from that point forward barred from bringing a civil action under the IFP provisions while he was a prisoner, unless he was under imminent danger of serious physical injury. *See* § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir.1998) (stating that "the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made."). Torns's subsequent release from prison did not entitle him to proceed IFP on an action that he had brought while he was a prisoner subject to the three-strikes bar. *See Baños*, 144 F.3d at 885; *see also Harris v. City of New York*, 607 F.3d 18, 21-22 (2d Cir. 2010) ("Had Congress intended that the three strikes rule would no longer apply once a prisoner had been released, it would have written the statutory provision differently.").

To the extent that Torns may wish to raise a challenge to the constitutionality of § 1915(g) in the instant appeal, his appeal would be without merit. This court has already considered and upheld the constitutionality of § 1915(g). *See Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997). Torns's appeal of the district court's denial of his second Rule 60(b) motion is frivolous and it is therefore dismissed. *See* 5TH CIR. R. 42.2.

There is no automatic right to the appointment of counsel in a section 1983 case. *Jackson v. Dallas Police Dep't.*, 811 F.2d 260, 261 (5th Cir. 1986). Counsel should not be appointed in a civil rights action in the absence of "exceptional circumstances." *Id.* The instant appeal does not warrant the appointment of counsel. *See id.* Accordingly, Torns's motion for the appointment of counsel is denied, as are all pending motions.

APPEAL DISMISSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; ALL PENDING MOTIONS DENIED.