# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 12, 2013

Lyle W. Cayce
Clerk

No. 12-31000
Summary Calendar

HUBERT ARVIE,

Plaintiff-Appellant

v.

ROBERT C. TANNER, Warden; KEITH BICKHAM, Deputy Warden; GERALD LEBO, Assistant Warden; JERRY P. MILLER, Assistant Warden; LARRY GROW, Administrative Colonel; BILLY ANDERSON, Administrative Colonel; WADE RIGDON, Lieutenant Subordinate; CAROL JORDAN, Subordinate Lieutenant; BESSIE CARTER, Director of Medical; CHARLES BOYD, Liaison to Legal Programs; MICHAEL DICKERSON, Liaison to Legal Programs; JAMES M. LEBLANC, Secretary, Louisiana Department of Corrections; DENNIS LARAVIA, Doctor,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-1638

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Hubert Arvie, Louisiana prisoner # 122010, has filed a motion to proceed in forma pauperis (IFP) on appeal following the denial of his motion to proceed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

IFP in his 42 U.S.C. § 1983 complaint in the district court. The district court determined that Arvie was barred from proceeding IFP because he had accumulated three strikes under 28 U.S.C. § 1915(g).[1] Arvie does not dispute that he has three strikes but argues that the § 1915(g) bar should not apply because he is under imminent danger of serious physical injury. In support of this contention, he states that his requests to see a cardiac specialist and for "necessary life-sustaining treatment" for his hepatitis was denied and that if his Hepatitis C is not properly treated, he will sustain irreversible liver damage. Additionally, he asserts that he is forced to eat foods that cause him to experience chest and kidney pains.

"[A] prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP." *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Arvie's contentions indicate that he suffers from a variety of chronic medical conditions for which he is receiving treatment. Although he apparently disagrees with the course of his treatment, there is nothing to suggest that Arvie's medical conditions place him in imminent danger of serious physical injury. Accordingly, his motion for leave to proceed IFP is DENIED and the appeal is DISMISSED.

---

[1] *See Arvie v. Lastrapes*, No. 95-30967, 1997 WL 34211855 (5th Cir. June 15, 1997).