11-4740-pr
*Hill v. Donoghue, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> J. CLIFFORD WALLACE,[*]
> > *Circuit Judges.*

---

DEMETRIUS HILL,

> *Plaintiff-Appellant*,

v.                                                  No. 11-4740-pr

RICHARD PETER DONOGHUE, ASSISTANT UNITED STATES ATTORNEY, SARAH M. COYNE, ASSISTANT UNITED STATES ATTORNEY, UNITED STATES OF AMERICA,

> *Defendants-Appellees*,

UNITED STATES ATTORNEY GENERAL, EASTERN DISTRICT OF NEW YORK, NASSAU COUNTY CORRECTIONAL CENTER, JOHN DOES, PHONE & COMMUNICATIONS INTERCEPTER, NASSAU COUNTY,

> *Defendants.*

---

[*] The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**         Demetrius Hill, *pro se*, Oakdale, LA.


**FOR DEFENDANT-APPELLEES:**         Diane C. Leonardo Beckmann, Varuni
Nelson, Assistant United States Attorneys *for*
Loretta E. Lynch, United States Attorney for
the Eastern District of New York, Brooklyn,
NY.

Appeal from a September 9, 2011 judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Demetrius Hill ("plaintiff" or "Hill"), proceeding *pro se*, appeals from the District Court's judgment dismissing his complaint, pursuant to Federal Rule of Civil Procedure 12(c), which had raised claims under: (1) the Fourth and Fourteenth Amendments of the United States Constitution: (2) *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); (3) Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended, 18 U.S.C. §§ 2510, *et seq.*; (4) and New York state law. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We review a judgment under Federal Rule of Civil Procedure 12(c) *de novo*, accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As Hill has proceeded *pro se* throughout this litigation, we construe his complaint and briefs liberally, interpreting them to raise the strongest claims that they suggest. *See Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012); *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010). [1]

---

[1] In accordance with Hill's submissions on appeal, we limit the scope of our review to a challenge of the District Court's order of September 2, 2011. *See Ahlers*, 684 F.3d at 66 ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." (quotation marks omitted)).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the District Court's judgment substantially for the reasons stated by Judge Seybert in her thorough and well-reasoned order, dated September 2, 2011.[2] *See Hill v. United States*, 815 F. Supp. 2d 583 (E.D.N.Y. 2011). Accordingly, we **AFFIRM** the September 9, 2011 judgment of the District Court and close the case.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] We decline to reach Hill's argument, made for the first time in his reply brief, that the District Court erred by not allowing him to obtain certain discovery materials. *See McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009) (observing that this Court ordinarily does not consider issues raised for first time in reply brief); *Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996) (declining to consider argument raised for first time in *pro se* litigant's reply brief).