CLD-416                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4002
_____

DAVID S. JOHNSON,
                                        Appellant
v.

ALLEGHENY COUNTY COURT OF COMMON PLEAS;
UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civ. No. 2:15-cv-00713)
District Judge:  Honorable Nora B. Fischer
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 22, 2016
Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: October 14, 2016)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

David Johnson appeals from an order of the District Court dismissing his civil rights action against the Allegheny County Court of Common Pleas (the "ACCCP") and the U.S. District Court for the Western District of Pennsylvania (the "WDPA"). Johnson's complaint charged each of those courts with having previously misconstrued certain of his applications for post-conviction relief, to such a degree that Johnson suffered constitutional injury. He requested approximately $1.5 million in damages.

Pursuant to the Prison Litigation Reform Act ("PLRA"), Johnson's complaint was screened by the Magistrate Judge. She recommended that the action be dismissed because both the ACCCP and the WDPA are absolutely immune from suits, like Johnson's, seeking monetary relief. Johnson filed objections, primarily arguing—in contradiction of the caption to his complaint—that he had sued particular judges of the ACCCP and the WCPA, not the courts themselves. The District Court overruled Johnson's objections, adopted the Magistrate Judge's recommendation, and dismissed Johnson's complaint—without leave to amend—under 28 U.S.C. § 1915(e)(2)(B)(iii) (providing that "the court shall dismiss the case at any time if the court determines that the action or appeal seeks monetary relief against a defendant who is immune from such relief.").[1] Johnson timely appealed.

---

[1] Johnson was incarcerated at the time he filed the complaint below, but was released a few months later. The PLRA applied below notwithstanding Johnson's post-suit release. See Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002); see also Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010). We note that, according to his filings in this Court, Johnson appears to have been re-incarcerated during the pendency of his appeal.

We have jurisdiction under 28 U.S.C. § 1291. A district court is permitted to dismiss an action under § 1915(e)(2)(B)(iii), sua sponte, where it is clear on the face of the complaint that the defendant is immune from suit. See Walker v. Thompson, 288 F.3d 1005, 1010 (7th Cir. 2002) (explaining that "[a]ppropriate caution in [exercising the authority to dismiss under § 1915(e)(2)(B)(iii)] is assured by the requirement that the validity of the defense be both apparent from the complaint itself, and unmistakable, so that the suit is fairly describable as frivolous."). Whether a defendant is entitled to absolute immunity is a question of law that requires de novo review. See Figueroa v. Blackburn, 208 F.3d 435, 439 (3d Cir. 2000).

On appeal, the WDPA has moved for summary affirmance pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6, arguing that the District Court properly dismissed Johnson's suit for the reasons given in the Magistrate Judge's report. We may summarily affirm the judgment of a district court on motion of a party, or sua sponte. See id.[2] We may do so if the appeal presents no substantial question. Furthermore, we may affirm on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Insofar as Johnson sued the ACCCP and WDPA for money damages, those entities were entitled to immunity from suit. See FDIC v. Meyer, 510 U.S. 471, 475 (1994); P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144

---

[2] On August 29, 2016, the Clerk notified the parties that the Court would "consider the possibility of summary action as to all appellees." All parties were invited to respond to

(1993); <u>Haybarger v. Lawrence Cty. Adult Prob. & Parole</u>, 551 F.3d 193, 198 (3d Cir. 2008).  Insofar as Johnson instead meant to sue particular judges of those courts based on rulings adverse to Johnson, those judges, too, would be immune from suit.  <u>See</u> <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991) (per curiam); <u>Briscoe v. LaHue</u>, 460 U.S. 325, 334 (1983). Either way, Johnson's suit was plainly barred on immunity grounds, and the District Court thus properly dismissed his complaint under § 1915(e)(2)(B)(iii).  Leave to amend would have been futile given the aforementioned immunity defenses.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).  Therefore, we will grant the WDPA's motion and summarily affirm the judgment of the District Court as to all defendant-appellees.  Johnson's motion "for a speedy response to his appeal" is denied as moot.

the Clerk's notice; none did within the 21 days allotted.