**Richard PORRAZZO, Plaintiff,**

v.

**DETECTIVE ROGERS,
et al., Defendants.**

**15–CV–6684 (JGK) (JLC)**

United States District Court,
S.D. New York.

Signed March 6, 2017

Richard Porrazzo, Pro se.

Colin McCann Ceriello, New York City Law Department, New York, NY, for Defendant.

### MEMORANDUM ORDER

JAMES L. COTT, United States Magistrate Judge.

The Court has received *pro se* plaintiff Richard Porrazzo's letter dated February 24, 2017 (Dkt. No. 41), in which he appears to contend that his $350.00 filing fee should be reimbursed to him given his *in forma pauperis* ("IFP") status (Dkt. No.

4). A benefit of such status for prisoners, like Porrazzo, is that they may commence a civil action "without prepayment of fees." 28 U.S.C. § 1915(a)(1); *Sanders v. City of N.Y.*, No. 12-CV-2906 (VB), 2015 WL 2331105, at *3 (S.D.N.Y. May 11, 2015) ("The Prison Litigation Reform Act ... provides a prisoner an opportunity to demonstrate his indigence and request a district court to allow him to proceed 'without prepayment of fees,' or IFP.") (quoting 28 U.S.C. § 1915(a)(1)). Nevertheless, under 28 U.S.C. § 1915(b)(1), prisoners proceeding *in forma pauperis* are still required to pay the filing fee. 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."); *Bruce v. Samuels*, — U.S. ——, 136 S.Ct. 627, 630, 193 L.Ed.2d 496 (2016) (noting that 28 U.S.C. § 1915 requires "prisoners to pay filing fees for the suits or appeals they launch").

Before receiving permission to proceed *in forma pauperis*, Porrazzo consented to payment of the filing fee by signing a "Prisoner Authorization" form. Prisoner Authorization, dated Aug. 14, 2015, Dkt. No. 3. This form advised Porrazzo that he was "required to pay the full filing fee when bringing a civil action if [he was] currently incarcerated or detained at any facility." The form added in all-capital letters:

I UNDERSTAND THAT BY SIGNING AND RETURNING THIS NOTICE TO THE COURT, THE ENTIRE COURT FILING FEE OF $350.00 WILL BE PAID IN INSTALLMENTS BY AUTOMATIC DEDUCTIONS' FROM MY PRISON TRUST FUND ACCOUNT **EVEN IF MY CASE IS DISMISSED OR EVEN IF I VOLUNTARILY WITHDRAW THE CASE.**

*Id.* (emphasis in original). The order granting Porrazzo's application to proceed *in*

*forma pauperis* also emphasized that a "prisoner bringing a civil action is required to pay the full $350 filing fee even when proceeding *in forma pauperis* (IFP), that is, without prepayment of fees." Order, dated Aug. 31, 2015, at 1 (citing 28 U.S.C. § 1915(b)(1)).[1]

Given Porrazzo's status as an *in forma pauperis* prisoner, he was required to pay the court filing fee. Consequently, to the extent that his February 24 submission constitutes a motion for a reimbursement of that fee, the motion is denied and no reimbursement will be made. *See, e.g., Harris v. City of N.Y.*, 607 F.3d 18, 21 (2d Cir. 2010) ("Under the PLRA, prisoner-litigants granted *in forma pauperis* status must pay the full amount of the filing fee to the extent they can afford to, as measured by the funds in their prison accounts.") (citing 28 U.S.C. § 1915(b)(1)); *Lopez v. Zouvelos*, No. 13-CV-6474 (MKB), 2014 WL 843219, at *5 (E.D.N.Y. Mar. 4, 2014) ("Section 1915 states that a prisoner bringing a civil action, notwithstanding an in forma pauperis designation, shall be required to pay the full amount of a filing fee."); *Cuoco v. U.S. Bureau of Prisons*, 328 F.Supp.2d 463, 467 (S.D.N.Y. 2004) ("IFP statute does not permit waiver of the mandatory filing fee for federal suits" for prisoners).

**SO ORDERED.**

---

1. A copy of the Prisoner Authorization form that Porrazzo signed as well as the order granting Porrazzo's application to proceed *in forma pauperis* are being sent to him with this Memorandum Order as a courtesy.