# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11352

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2017

Lyle W. Cayce
Clerk

JEREMY DALE REESE, also known as Monster,

Plaintiff-Appellant

v.

STAFENY SHEARWOOD, Head Nurse, Tom Green County Jail, Individual and Official Capacity; THOMAS FREEDEN, Doctor, Center for Disease Control and Prevention, Individual and Official Capacity; SANDRA LNU, Case Manager, Individual and Official Capacity; SHANNON MEDICAL CENTER; ZACH O'NEAL, Physician Assistant, Individual and Official Capacity; LA ESPERANZA CLINIC; ANTHONY MIKESH, Texas Commission, Individual and Official Capacity; RAFAEL HURTADO, Lab, Tom Green County Jail, Individual and Official Capacity; FNU BRIONES, Deputy, Individual and Official Capacity; DALE PEARCE, Chief Deputy, Individual and Official Capacity; TODD ALLEN, Captain, Individual and Official Capacity; AMY WRIGHT, Lieutenant, Individual and Official Capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:16-CV-8

No. 16-11352

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jeremy Dale Reese moves for leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to the three-strikes provision of 28 U.S.C. § 1915(g). A prisoner may not proceed IFP in a civil action or appeal a judgment in a civil action if he has, on three or more prior occasions, while incarcerated or detained in a facility, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." § 1915(g).[1]

Reese does not dispute that he has three strikes but instead argues that the exception to the § 1915(g) bar should apply because he is under imminent danger of a serious physical injury. In support of this contention, he alleges unpleasant symptoms and speculates that he has an undiagnosed contagious disease, although his submissions establish that he has received medical examination and treatment. On this record, Reese has failed to demonstrate that he was under imminent danger of serious physical injury at the time that he filed his complaint in the district court, proceeded with his appeal, or moved to proceed IFP. *See id.*; *Baños*, 144 F.3d at 884-85; *Arvie v. Tanner*, 518 F. App'x 304, 305 (5th Cir. 2013). His motion is therefore denied.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Reese's release from incarceration while his IFP motion was pending does not relieve him from the requirements of § 1915(g). *See Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998); *see also Torns v. Miss. Dep't of Corr.*, 421 F. App'x 316, 317 (5th Cir. 2010). His release also does not moot his § 1983 claim for damages. *See Cruz v. Estelle*, 497 F.2d 496, 499 (5th Cir. 1974)

No. 16-11352

The facts surrounding the IFP decision are inextricably intertwined with the merits of Reese's appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997). The appeal presents no nonfrivolous issues and is dismissed as frivolous. *See* 5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS.