20-3883
Burns v. Schell

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand twenty-three.

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

George Burns,

> *Plaintiff-Appellant*,

v.                                                          No. 20-3883

Amy Schell, LMSW,

> *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:          RAYMOND P. TOLENTINO, Mahrah M. Taufique, Kaplan Hecker & Fink LLP, Washington, DC.


FOR AMICI CURIAE FORMER          KEVIN KING, Jacob Crump, Covington & U.S. SENATOR JON KYL AND          Burling LLP, Washington, DC. COURT-APPOINTED COUNSEL KEVIN KING:

Appeal from an order of the United States District Court for the Southern District of New York (Louis L. Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court entered on October 28, 2020 is **AFFIRMED**.

This case asks us to decide whether appellant George Burns is barred from proceeding in forma pauperis under the "three strikes provision" of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). The district court ruled that he was barred from so proceeding due to dismissals for failure to state a claim—"strikes" under the PLRA—in three previous cases. He then brought this appeal from that ruling. Burns does not contest that one of the dismissals qualifies as a strike. We hold that because the two other dismissals, those at issue in this appeal, were explicitly dismissed for failure to state a claim, Burns has reached his three strikes and is thus barred from proceeding in forma pauperis under the PLRA. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision.

**I.     Standard of Review**

This Court reviews de novo a district court's denial of in forma pauperis status and order barring a plaintiff from filing further actions in forma pauperis pursuant to 28 U.S.C. § 1915. *See Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007).

**II.     Discussion**

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated or detained in any

2

facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Courts applying the PLRA must therefore assess whether an in forma pauperis applicant "brought [a civil] action or appeal in a court of the United States that *was dismissed on the grounds that* it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g) (emphasis added); *see also Escalera v. Samaritan Vill.*, 938 F.3d 380, 383 (2d Cir. 2019) ("When evaluating a dismissal at summary judgment, courts have held that an *inquiry into the basis of the district court's dismissal* is required to determine whether the dismissing court deemed the action frivolous, malicious, or failing to state a claim." (emphasis added)); *Jones v. Smith*, 720 F.3d 142, 146 (2d Cir. 2013) ("[T]he term 'action or appeal' in the second half of the provision is simply an abbreviated reference to the term 'civil action or appeal . . . in a civil action' mentioned earlier in the same sentence.").

Burns offers two principal arguments as to why the two dismissals—both cases brought as § 1361 mandamus petitions—should not be considered strikes under the PLRA.

*First*, Burns claims that these two cases were not civil actions within the meaning of § 1915(g). We disagree. "[T]he PLRA requirements apply to those extraordinary writs that seek relief analogous to civil complaints under 42 U.S.C. § 1983." *In re Nagy*, 89 F.3d 115, 116 (2d Cir. 1996). The mandamus petitions Burns filed sought relief comparable to that available through a civil complaint and are therefore "civil action[s]" under the PLRA. One sought an order directing a private grocery store to divulge the contents of a video showing an alleged assault by police officers on an unrelated third party, and the other sought an order directing the United States

Department of Health and Human Services ("HHS") to investigate alleged violations of the Health Insurance Portability and Accountability Act of 1996. We see no error in the district court's conclusion that each sought relief analogous to civil complaints under § 1983.

*Second*, Burns argues that the dismissals were not strikes because, no matter the stated ground for the dismissing courts' rulings, the two cases were actually dismissed for failure to allege facts coming within the jurisdictional requirements for mandamus petitions under § 1361, such that the cases were not adjudications on the merits and could not be considered dismissals for failure to state a claim. While dismissals for lack of subject matter jurisdiction cannot count as strikes under § 1915(g), *see Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007) ("A dismissal triggers § 1915(g) only if" based upon an enumerated ground), there is some uncertainty regarding whether and to what extent § 1361 requirements are jurisdictional rather than merits-based. We need not pursue that point because Burns's argument ignores the focus of § 1915(g), which is on the reason given by the court that dismissed the claim rather than on the subsequently evaluating court's analysis of the true reason for dismissal. If the dismissing court explains that dismissal was on the grounds that it was "frivolous, malicious, or fails to state a claim," 28 U.S.C. § 1915(g), that makes the dismissal a strike, even if a subsequent court, in seeking to determine whether there have been three strikes, determines the dismissal should have been characterized as a dismissal for lack of jurisdiction.

In both cases at issue here, the courts that dismissed Burns's mandamus petitions explicitly ruled that the dismissals were for failure to state a claim. *See* Order of Dismissal at 3, ECF No. 7, *Burns v. Foodtown Express of Yonkers LLC*, No. 1:18-CV-9802 (LLS) (S.D.N.Y. Dec. 27, 2018) (dismissing "pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)" Burns's petition directed at a private

4

grocery store); Order of Dismissal at 2, 4, ECF No. 6, *Burns v. Dep't of Health & Human Servs.*, No: 1:19-CV-2246 (CM) (S.D.N.Y. Oct. 4, 2019) (dismissing Burns's petition directed at HHS "for failure to state a claim on which relief may be granted" and citing 28 U.S.C. § 1915(e)(2)(B)(ii)); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted[.]").

Burns would have us second-guess the district court's determinations, but doing so would require us to ignore the lessons of *Harris v. City of New York*, 607 F.3d 18 (2d Cir. 2010). In *Harris*, this Court rejected the proposition that district courts are required to "review actual orders of dismissal in determining a prisoner-litigant['s] prior strikes." *Id.* at 23. The *Harris* court explained that "[t]he district court may rely on the relevant docket sheets if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted." *Id*. at 23–24. In the case before us, the district court surveyed the reasons for dismissing both cases and identified clear language demonstrating that they were dismissed for failure to state a claim. That is sufficient to settle the matter here.

For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5